IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-cr-104-ECM |
| | ) | [WO] |
| ROBERT GLENN SLAYBAUGH | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Robert Glenn Slaybaugh ("Slaybaugh") is charged in a one-count indictment with failure to register as a sex offender in violation of 18 U.S.C. § 2250. (Doc. 1). Slaybaugh has moved to suppress all evidence police derived from automatic license plate readers ("ALPRs"), which police used to track Slaybaugh's movements for three weeks and build their case. (Doc. 31). The Magistrate Judge recommended that the Court deny the motion to suppress, reasoning that law enforcement's acquisition and use of ALPR data was not a "search" for purposes of the Fourth Amendment. (Doc. 47).[1]

On July 24, 2025, Slaybaugh filed timely objections to the Magistrate Judge's Recommendation. (Doc. 50). Upon an independent and *de novo* review of the record, and for the reasons that follow, the Court concludes that Slaybaugh's objections are due to be overruled, the Magistrate Judge's Recommendation is due to be adopted, and the motion to suppress is due to be denied.

---

[1] The Magistrate Judge did not hold an evidentiary hearing, which Slaybaugh does not challenge.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b)(3). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). In this case, the Court has conducted a complete and careful review of the record in this case. It has also reviewed *de novo* those portions of the Magistrate Judge's findings and recommendations to which the Defendant objects. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b)(3).

## DISCUSSION

The Magistrate Judge provided a recitation of the relevant facts in his Recommendation. Consequently, a summary of the facts related to the motion to suppress is not necessary, as the Court adopts the Magistrate Judge's findings of fact.

Slaybaugh objects to the Magistrate Judge's conclusion that the holding in *United States v. Knotts*, 460 U.S. 276, 281–82 (1983), controls here, and he further objects to the Magistrate Judge's reasons for distinguishing this case from the holding in *Carpenter v. United States*, 585 U.S. 296, 313 (2018). The Court need not, and does not, decide whether warrantless use of ALPR data could ever amount to a Fourth Amendment search.

In this case, however, the use of seventy-two images of Slaybaugh's truck—while it was travelling on public roads—over a three-week period does not implicate a reasonable expectation of privacy in "the whole of [Slaybaugh's] physical movements." *See Carpenter*, 585 U.S. at 313; *see also United States v. Bowers*, 2021 WL 4775977, at *4 (W.D. Pa. Oct. 11, 2021) (rejecting the argument that *Carpenter*'s holding extends to the use of ALPR technology in a case where ALPR cameras captured the defendant's license plate on 106 occasions "in thirty-three unique public locations over a four-and-a-half-month period").[2] Slaybaugh has not shown that the Magistrate Judge committed any error. Consequently, these objections are due to be overruled.

Slaybaugh also objects to the Magistrate Judge's statement that "[n]o court has held that police use of ALPRs is a search requiring a warrant," (doc. 47 at 1–2). In support, Slaybaugh cites a decision from a Virginia trial court, *Commonwealth v. Bell*, 113 Va. Cir. 316 (Va. Cir. Ct. 2024). *Bell* is nonbinding, and the Court does not find its reasoning persuasive. It does not change the Court's conclusion that Slaybaugh lacked a reasonable expectation of privacy in his movements on public roads under the specific circumstances of this case. Additionally, the Court finds this case distinguishable from *Leaders of a Beautiful Struggle v. Baltimore Police Department*, 2 F.4th 330 (4th Cir. 2021) (en banc), upon which Slaybaugh also relies. *Beautiful Struggle* concerned the Baltimore Police Department's Aerial Investigation Research ("AIR") program, which used aerial

---

[2] While the Court acknowledges that *Bowers* is nonbinding, the Court finds its analysis persuasive.

photography to track movements related to serious crimes. *Id.* at 333–34. Equipped with camera technology that captured thirty-two square miles per image per second, multiple planes would fly above Baltimore for forty hours per week, obtaining an estimated twelve hours of coverage of around ninety percent of the city each day. *Id.* at 334. The Fourth Circuit applied *Carpenter* to the AIR program, finding that it "'track[ed] every movement' of every person outside in Baltimore" and created a detailed record of where everyone came and went during daylight hours over a one-and-a-half-month period. *Id.* at 341 (describing AIR data as like "'attach[ing] an ankle monitor' to every person in the city" (alteration in original) (citation omitted)). Thus, assuming the Court agrees with *Beautiful Struggle*'s reasoning, the Court finds it inapplicable to Slaybaugh's case. *Accord Bowers*, 2021 WL 4775977, *5 (reaching a similar conclusion). Consequently, this objection is due to be overruled.

## CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED as follows that:

1.  Slaybaugh's objections (doc. 50) are OVERRULED;

2.  The Recommendation of the Magistrate Judge (doc. 47) is ADOPTED; and

3.  Slaybaugh's motion to suppress (doc. 31) is DENIED.

DONE this 29th day of July, 2025.

                                        /s/ Emily C. Marks  
                                        EMILY C. MARKS  
                                        CHIEF UNITED STATES DISTRICT JUDGE